NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1856 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00586-ODW-1 |
| v. | |
| JACQUES POLZIN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 15, 2026**
Pasadena, California

Before: CALLAHAN, BUMATAY, and TUNG, Circuit Judges.

Jacques Polzin appeals his conviction under 18 U.S.C. § 208(a) and

§ 216(a)(2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291,

and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Polzin argues that based on the evidence presented at trial, no reasonable jury could have rejected his affirmative defense of entrapment by estoppel. We disagree.

Where, as here, Polzin did not preserve his motion for a judgement of acquittal, this Court reviews sufficiency of the evidence claims for plain error. *United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011).[1] Polzin must show that "*no* rational factfinder, after viewing the evidence in the light most favorable to the government, would reject [Polzin's] defense." *United States v. Bibbins*, 637 F.3d 1087, 1094 (9th Cir. 2011) (emphasis in original). If evidence conflicts, this Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution[] and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citation modified).

At trial, Polzin raised the affirmative defense of entrapment by estoppel. In support of this defense, Polzin testified that his supervisor knew that Polzin's wife owned JNJ Auto Repair and had approved of Polzin sending vehicles to JNJ.

---

[1] The distinction between de novo review and plain error review in this context "is largely academic, given that, whether review is de novo or for plain error, we must give great deference to the jury verdict and 'must affirm if any rational trier of fact could have found the evidence sufficient.'" *Pelisamen*, 641 F.3d at 409 n.6 (quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1010 (9th Cir. 1995)).

Polzin also testified that his supervisor instructed Polzin to prepare a conflict memo recognizing and approving of the conflict of interest. This memo was received into evidence. The government, however, presented evidence that conflicted with Polzin's testimony and defense theory. For instance, the government presented evidence that Polzin's supervisor was unaware that Polzin's wife owned JNJ Auto and thus did not approve of Polzin sending vehicles there. Indeed, Polzin's supervisor testified that he did not have any conversations with Polzin about the conflict of interest and only saw the conflict memo after Polzin had been charged. The government also presented evidence from a former JNJ Auto employee who testified that Polzin was the "owner and CEO of JNJ" and that Polzin would hide when ICE agents brought their vehicles there. If Polzin believed that he had his supervisor's approval, then he would have little reason to hide from the ICE agents.

Viewing the evidence in the light most favorable to the government while presuming the jury resolved conflicting evidence in favor of the government, *Nevils*, 598 F.3d at 1164, we hold that a reasonable jury could have rejected Polzin's affirmative defense. Therefore, we do not disturb the jury's verdict or Polzin's conviction.

**AFFIRMED.**